IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Billy White, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-03985 |
| Wood Group Mustang, Inc., and RHI Talent USA Inc. f/k/a Altablue Inc. | § § § | JURY TRIAL DEMANDED |
| | § § | COLLECTIVE ACTION |
| Defendants. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Billy White ("White" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Defendants Wood Group Mustang, Inc. ("Wood Group"), and RHI Talent USA Inc. f/k/a Altablue Inc. ("RHI," collectively "Defendants"), showing in support as follows:

### I.     NATURE OF ACTION

1.     This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendants.

2.     Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendants who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven-day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.   THE PARTIES

### A.   Plaintiff Billy White

4. Plaintiff is an individual residing in Okfuskee County, Oklahoma. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendants on or about October 15, 2018. Plaintiff is a former employee. Plaintiff stopped working for Defendants on or about April 26, 2019.

6. Plaintiff was paid an hourly rate of approximately $44.23 per hour, and non bona fide per diem pay in the amount of approximately $206 per day.

### B.   Collective Action Members

7. The putative Collective Action Members are all current or former employees of Defendants who are/were paid on an hourly basis while receiving so-called "per diem" or expense reimbursement payments and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Defendants did not pay all overtime premium compensation due to its hourly-paid employees who received additional non bona fide per diem payments that did not reasonably approximate the expenses actually incurred because it failed to include such non bona fide per diem payments in the regular rate of pay, and so consequently Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

8. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

9. Defendants Wood Group and RHI have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

10. Defendants Wood Group and RHI are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

11. During all relevant times, Defendants' operations have been interrelated and unified.

12. During all relevant times, Defendants have shared common management, and have been centrally controlled and/or owned together, out of the same office building.

13. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein

C. **Defendant Wood Group Mustang, Inc.**

14. Defendant Wood Group Mustang, Inc. ("Wood Group") is a corporation organized under the laws of the State of Texas.

15. During all times relevant to this lawsuit, Wood Group has done business in the State of Texas.

16. Wood Group's principal place of business, as listed with the Texas Secretary of State is 17325 Park Row; Houston, TX 77084-4932.

17. At all times relevant to this lawsuit, Wood Group is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18. At all times relevant to this lawsuit, Wood Group employed and continues to employ two or more employees.

19. At all times relevant to this lawsuit, Wood Group employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

20. Wood Group employed two or more employees who regularly engaged in commerce in their daily work.

21. Furthermore, Wood Group employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

22. On information and belief, at all times relevant to this lawsuit, Wood Group has had annual gross sales or business volume in excess of $500,000.

23. Wood Group may be served with summons through its registered agent United Agent Group 5444 Westheimer, Suite 1000; Houston, TX 77056

**D.　Defendant RHI Talent USA Inc. f/k/a Altablue Inc.**

24. Defendant RHI Talent USA Inc. f/k/a Altablue Inc. ("RHI") is a corporation organized under the laws of the State of Texas.

25. During all times relevant to this lawsuit, RHI has done business in the State of Texas.

26. RHI's principal place of business, as listed with the Texas Secretary of State is 17325 Park Row, Suite 500; Houston, TX 77084-4932.

27. At all times relevant to this lawsuit, RHI is and has been an "enterprise engaged in commerce" as defined by the FLSA.

28. At all times relevant to this lawsuit, RHI employed and continues to employ two or more employees.

29. At all times relevant to this lawsuit, RHI employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

30. RHI employed two or more employees who regularly engaged in commerce in their daily work.

31. Furthermore, RHI employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce.

32. On information and belief, at all times relevant to this lawsuit, RHI has had annual gross sales or business volume in excess of $500,000.

33. RHI may be served with summons through its registered agent United Agent Group 5444 Westheimer, Suite 1000; Houston, TX 77056.

### III.  JURISDICTION AND VENUE

34. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

35. The United States District Court for the Southern District of Texas has personal jurisdiction over Defendants because Defendants do business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

36. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.   FACTUAL BACKGROUND

37. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

38. Defendants are engaged in providing engineering and project management services with respect to control systems in the oil and gas and energy industry.

39. Plaintiff was employed by Defendants as a cement inspector/civil inspector in connection with Defendants' business operations. His primary job duties involved manual labor including clearing brush and moving sand, building walls, and pouring concrete.

40. Plaintiff routinely worked in excess of forty (40) hours per workweek for Defendants. Plaintiff's weekly work schedule typically encompassed seventy (70) hours or more of work for Defendants. However, Defendants did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

41. Specifically, Defendants also paid Plaintiff extra remuneration that it described as so-called "per diem" pay. This extra remuneration totaled to approximately $206 per day. This so-called "per diem" pay was paid regardless of Plaintiff's actual reimbursable non-personal business expenses.

42. During times relevant, numerous other employees of Defendants received similar so-called "per diem" pay which was not reasonably related to their actual or approximate reimbursable expenses. Those employees, like Plaintiff, frequently worked in excess of forty (40) hours in a seven-day workweek. Defendants' wage payment policy and/or practice resulted in similarly situated employees not being paid all overtime wages owed by Defendants in violation of the FLSA.

## V.     FLSA CLAIMS FOR OVERTIME PAY

43.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

44.     At all relevant times, Defendants are/were (an) eligible and covered employer(s) under the FLSA. *See* 29 U.S.C. § 203(d).

45.     At all times relevant to this lawsuit, Defendants have been and are an enterprise engaged in commerce or enterprises engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

46.     Plaintiff and putative Collective Action Members are/were employees of Defendants pursuant to the FLSA. 29 U.S.C. § 203(e).

47.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

48.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

49.     Defendants are/were required to pay Plaintiff and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

50.     Defendants paid remuneration to Plaintiff and the putative Collective Action members in the form of so-called "per diem" pay. This extra pay was not reasonably approximate to Plaintiff and the putative Collective Action Members' actual expenses incurred for Defendants\ benefit, in violation of the FLSA.

51. Defendants failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

52. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

53. Defendants' violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

54. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

55. Plaintiff and putative Collective Action Members seek all damages available for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.   COLLECTIVE ACTION CLAIMS

56. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

57. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

58. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

all current or former employees of Defendants who are/were paid on an hourly basis while receiving so-called "per diem" or "expense reimbursement" payments and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

59. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid excessive non bona fide per diem payments that were not included in their respective regular rates of pay when calculating overtime premium wages.

60. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

61. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

62. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

63. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

64. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

65. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII. JURY DEMAND

66. Plaintiff demands a jury trial.

## VIII.  DAMAGES AND PRAYER

67. Plaintiff asks that the Court issue summonses for Defendants to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

 a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

 b. All damages allowed by the FLSA, including back wages;

 c. Liquidated damages in an amount equal to FLSA-mandated back wages;

 d. Legal fees;

 e. Costs;

 f. Post-judgment interest;

 g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated:  August 12, 2019

Respectfully submitted,

By: /s/ Ricardo J. Prieto
Ricardo J. Prieto
Attorney-in-charge
State Bar No. 24062947
Federal ID No. 1001658
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
Federal ID No. 2629125
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS